

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXWIMLXXIILSON~~
**ATTORNEY GENERAL**

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-3329
Re: Can the commissioners'
court invest surplus
bond funds in the
United States Defense
Bonds under the facts set
forth?

   Your letter of November 13, 1941, requesting an opinion of this department on the above stated question, reads, in part, as follows:

   "Under the terms of Article 752a RCS a special road district has been formed in this county and bonds voted in the amount of $125,000. These bonds have been sold and the money is now on hand. In conformity with said article such bonds were issued for the specific purpose of constructing macadamized roads in the defined road precinct.

   "The bonds have now been sold and said District has on hand the $125,000. They are commencing construction of roads as soon as possible, however, they are of the opinion that only about $50,000 of this amount will be used within the next two or three years. They desire to invest the surplus funds amounting to about $50,000 in United States Defense Bonds.

   "The Commissioners' Court has requested an opinion as to whether they can legally

invest this money in United States Defense Bonds.

"Article 752a provides that a road district may be created and 'is hereby authorized to issue bonds for the purpose of the construction, maintenance and operation of macadamized, gravelled, or paved roads and turn pikes or in aid thereof.'

"Article 752 reads in part: 'The election order and notice of the election shall state the purpose for which the bonds are to be issued, the amount thereof, rate of interest, etc.'

"Article 752j provides that said bonds shall be sold to the highest bidder for cash 'and the purchase money therefor shall be placed in the County Treasury of such County to the credit of the Available Road Fund of such county or of such political subdivision or road district, of such county as the case may be.'

"Article 752o reads as follows: 'The County Treasurer is custodian of all funds collected by virtue of this law and shall deposit them with the County Depository in the same manner as County Funds are deposited. It shall be the duty of the County Treasurer to promptly pay the interest and principal as it becomes due on such bonds out of the funds collected and deposited for that purpose.'

"Article 752p is as follows: 'The purchase money for such county bonds shall be paid out by the County Treasurer upon warrants drawn on the available road fund, issued by the County Clerk, countersigned by the County Judte, upon certified accounts approved by the Commissioners' Court of the county; and the purchase money for such bonds issued on the faith and credit of political subdivision or district shall be paid out by the county treasurer upon warrants drawn on the available road fund thereof, issued by the County Clerk, Countersigned by the County Judge and approved by the Commissioners' Court.'

"Article 752u and 752v define the powers of the Commissioners' Court in awarding contracts for work to be paid for out of the said bond money.

"Article 779 RCS is as follows:  'The Commissioners' Court may invest sinking funds accummulated for the redemption and payment of any bonds issued by such county, political subdivision or defined district thereof, in bonds of the United States, of Texas, or any county in this state' ————————.  'No such bonds shall be purchased which according to their terms mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created.'

"I have been unable to find any other statutes or any decisions touching on this question.  However, from a construction of the above articles it seems to me that the sale price of such bonds are held by the County as Trustee for the Road District and that the Commissioners' Court, nor no other authority, would be justified in expending any of the principal raised from such bond sale for any purpose other than for the purpose set out in the election order, that is, the construction, maintenance, etc. of roads. It is by belief that County Treasurer would not be justified in paying out such money for the purchase of defense bonds or for anything other than for actual material, labor and supplies used in construction, and maintenance of the roads to be built, and then only upon proper warrants upon certified accounts approved by the Commissioners' Court. Of course I think it is clear that the Commissioners' Court could invest any surplus that might be accummulated in the sinking funds in such defense bonds."

Article 752q, Vernon's Annotated Civil Statutes, provides:

"The expense incurred in surveying the
boundaries of a political subdivision or
road district, and other expenses incident
to the issuance of bonds of such subdivision
or district, shall be paid from the proceeds
of the sale of the bonds of the subdivision
or district issuing the same."

We have carefully considered the statutes cited in
your letter, together with other statutes cited in Chapter 3,
Title 22, Vernon's Annotated Civil Statutes, relative to coun-
ty and municipal bonds, etc., and agree with the conclusion
stated by you.

Therefore, it is our opinion that the commissioners'
court or any other authority does not have any legal authority
or power to expend any portion of the principal raised from such
bond sale for any other purpose than for the purpose set out in
the election order and those expenses authorized by Article 752q,
supra. It is our further opinion that the commissioners' court
could invest any surplus that might be accummulated in the sink-
ing fund in such defense bonds in compliance with the provisions
of Article 779, Vernon's Annotated Civil Statutes.

We thank you for the brief and the opinion expressed
by you.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                    Assistant

AW:PAM

APPROVED NOVEMBER 25, 1941
Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee
By BWB, Chairman